## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FACTOR BIOSCIENCE INC.,

                Plaintiff,

        v.

CELLECTIS, INC., CELLECTIS S.A. and
ASTRAZENECA IRELAND LIMITED,

                Defendants.

:
:
:
:   C.A. No. 25-1197-GBW
:
:
:
:
:
:
:
:
:

## <u>MEMORANDUM ORDER</u>

Factor Bioscience Inc. ("Plaintiff" or "Factor Bioscience" ) filed this action

against Cellectis, Inc. and Cellectis S.A. (collectively, "Cellectis") and AstraZeneca

Ireland Limited ("AstraZeneca" and together with Cellectis, "Defendants") on

September 26, 2025, alleging that Defendants infringed three of its patents:  U.S.

Patent Nos. 10,662,410 ("the '410 Patent"); 10,829,738 ("the '738 Patent"); and

10,982,229 ("the '229 Patent") (collectively, "the Asserted Patents").[1] *See*

Complaint, D.I. 1.  Well before Factor Bioscience filed the Complaint in this

action, Cellectis filed U.S. Patent Application No. 17/674,436 ("the '436

Application") with the United States Patent and Trademark Office (the "USPTO").

---

[1] Aditional Defendants AstraZeneca PLC and AstraZeneca Holdings B.V. were voluntarily dismissed by Plaintiff on December 17, 2025. *See* D.I. 23.

At some point during the prosecution of the '436 Application but before Factor Bioscience filed the Complaint in this action, Cellectis suggested an interference to USPTO between the '436 Application and the Asserted Patents. *See* D.I. 51, at 1. On May 5, 2026, the Patent Trial and Appeal Board (the "PTAB") declared Patent Interference No. 106,318 ("the Interference") involving all the Asserted Patents. *See* D.I. 51, at Exhibit A. The Interference is a contest under pre-AIA 35 U.S.C. § 135(a) between the '436 Application and the Asserted Patents to assist the USPTO in determining which party was the first to invent commonly claimed subject matter pursuant to pre-AIA 35 U.S.C. § 102(g)(1). Manual of Patent Examining Procedure ("MPEP") § 2301. The party whom the PTAB determines was the first to invent will be deemed as having priority.

Pending before the Court is Defendants' Motion to Stay Proceedings Pending Interference (D.I. 50) (the "Motion"), which has been fully briefed (D.I. 51, D.I. 55, D.I. 56, and D.I. 59).[2] For the reasons set forth below, the Court grants-in-part the Motion and stays this action, at a minimum, through the completion of the PTAB's motions phase in the Interference.

---

[2] The Court writes for the benefit of the parties and the briefing sets forth the background and facts necessary for the discussion of the pending motion.

## I.    BACKGROUND

On September 26, 2025, Plaintiff filed the Complaint in this action alleging that Defendants infringe the Asserted Patents.  D.I. 1 at 1-2.  Thereafter, Defendants filed their respective Answers and Counterclaims for declaratory judgment of non-infringement and invalidity of the Asserted Patents.  D.I. 24 at 122-144; D.I. 26 at 89-119.  On March 18, 2026, the Court entered the Scheduling Order, D.I. 39, setting certain case deadlines and hearings in this action, including but not limited to the following:

| Event | Date/Deadline |
| --- | --- |
| Accused Product Identification and File History Production | April 16, 2026 |
| Deadline for production of technical documents and sales figures | May 22, 2026 |
| Initial Infringement Contentions Due | June 19, 2026 |
| Initial Invalidity Contentions Due | August 15, 2026 |
| Markman Hearing | January 21, 2027 |
| Substantial Completion of Document Production | September 3, 2027 |
| Final Infringement Contentions Due | January 7, 2028 |
| Fact Discovery Ends | January 21, 2028 |
| Final Invalidity Contentions Due | February 11, 2028 |
| Opening Expert Reports | March 31, 2028 |

| Expert Discovery Ends | August 18, 2028 |
|---|---|
| Opening Briefs for Summary Judgment | October 6, 2028 |
| Trial | May 14, 2029 |

As of this date, this action is still in the early stages of discovery, and Trial is currently scheduled to begin on May 14, 2029.

More than three years prior to the filing of this action by Factor Bioscience, Cellectis filed the '436 Application with the USPTO (i.e. on February 17, 2022) and more than a year prior to the filing of this action, Cellectis began suggesting to the patent examiner an interference involving the '436 Application and the Asserted Patents. *See* D.I. 51 at 4-5. On May 5, 2026, the PTAB declared the Interference involving all of the claims of the Asserted Patents and the '436 Application. *See* D.I. 51, at Exhibit A. In its Declaration, the PTAB designated Cellectis as the "Senior Party" and Factor Bioscience as the "Junior Party". *See id.*

## II.    LEGAL STANDARD

Decisions whether to stay a case "are firmly within the discretion of district courts." *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, No. 17-1687, 2019 WL 126192, at *1-2 (D. Del. Jan. 8, 2019). In determining whether a stay is appropriate, courts consider the following three factors: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation,

particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Consumeron, LLC v. MapleBear Inc.*, C.A. No. 21-1147-GBW-MPT, 2023 WL 3434002, at *1 (D. Del. May 12, 2023); *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021).

## III.   DISCUSSION

After evaluating the factors, the Court finds, on balance, that the factors weigh in favor of granting a stay for the following reasons:

### A. Granting a Stay Will Likely Simplify the Issues for Trial

"The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *Brit. Telecommunications PLC v. IAC/InterActive Corp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019). In an interference before the PTAB, "[t]he Board 'shall determine questions of priority of the inventions and may determine questions of patentability.'" *Evonik Degussa GmbH v. Materia Inc.*, 53 F. Supp. 3d 778, 785 (D. Del. 2014) (*quoting* 35 U.S.C. § 135 (2006)). Here, all claims of the Asserted Patents are at issue in the Interference. *See* D.I. 51, at Exhibit A. Also, in an interference before the PTAB, "a rebuttable presumption exists that . . . the senior party invented first . . . and the junior party bears the burden of proving otherwise .

. ." *Falko-Gunter Falkner v. Inglis*, 448 F.3d 1357, 1361 n.2 (Fed. Cir. 2006) A finding in the Interference that Celletis was the first to invent the subject matter of the Asserted Patents and/or a finding of unpatentability with respect to one or more of the Asserted Patents could cancel all of Plaintiff's claims in this action and/or, at the very least, reduce the number of issues left to be tried in this action. Thus, this factor weighs in favor of granting the stay.

## B. The Status of the Litigation Weighs in Favor of Granting a Stay

This action is in the early stages of discovery. Very little discovery has occurred to date and the close of fact discovery is still approximately eighteen months away. The deadline for substantial completion of document production is still more than a year away, and no expert discovery has occurred. The Markman Hearing is currently scheduled for January 21, 2027, and Trial is scheduled to begin on May 14, 2029. The most significant and expensive stages of this litigation are yet to come, as "the most burdensome stages of [this action] – completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice – all lie in the future." *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *2 (D. Del. Aug. 21, 2019).

Given this action is in its early stages, a stay will promote judicial efficiency and maximize the likelihood that neither the Court nor the parties will

6

unnecessarily waste judicial resources and party resources in this action during the pendency of the Interference. Thus, this factor weighs in favor of granting the stay.

### C. A Stay Will Not Unduly Prejudice Plaintiff

In evaluating this factor, courts consider (1) the timing of the request for the PTAB's review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship between the parties. *IOENGINE*, 2019 WL 3933058, at *5. Under the circumstances of the instant action, a stay will not unduly prejudice Plaintiff nor provide an unfair tactical advantage to Defendants for several reasons. First, Cellectis filed the '436 Application more than three years before Plaintiff filed the instant action and suggested to the patent examiner, more than two years before the instant action was filed, an interference involving the '436 Application and the Asserted Patents. *See* D.I. 51, at 4-5; D.I. 55, at 4. Second, Cellectis asked Plaintiff to stipulate to a stay of this action one day after the PTAB declared the Interference. *See* D.I. 55 at p. 4. Third, while Cellectis claims that a typical motions period in an interference will last for approximately eight months and, if the interference is not concluded during the motions phase, the interference is expected to last approximately two years, Plaintiff claims that interferences related to biotechnology are typically more complex and take longer than interferences in other subject matter. *See* D.I. 51 at 11; D.I. 55 at 12. Although Plaintiff concedes that 37 C.F.R. § 41.200(c) suggests that an

interference lasts "normally no more than two years," Plaintiff provides some empirical evidence that it alleges "indicates that the timelines of interferences in biotechnology-related fields require more time to resolve." D.I. 55 at 12. However, Plaintiff provides no explanation or specific reasons why the interferences it cites lasted more than two years. Moreover, at least one of the interferences involving biotechnology cited by Plaintiff lasted less than two years. *Id.* Also, Cellectis provides a data point that "approximately 75% of all senior parties involved in an interference prevail . . ." D.I. 51 at 11 (*quoting Edwards*, 58 U.S.P.Q. 2d 1836, at *5).   Fourth, while Plaintiff and Cellectis disagree on whether they are actual competitors, it is not disputed that neither Cellectis nor Plaintiff has commercial products on the market at this time. Thus, the prejudice that courts have found in cases between direct competitors – loss of market share and erosion of goodwill – appears to be absent under the circumstances of this action. *See Omni Medsci, Inc. v. Whoop, Inc.*, C.A. No. 25-140, 2026 WL 1383048, at *5 (D. Del. May 18, 2026); *AgroFresh Inc. v. Essentiv* LLC, C.A. No. 16-662, 2019 WL 2327654, at *3 (D. Del. May 31, 2019). Therefore, on balance, the Court finds that a stay will not unduly prejudice Plaintiff nor grant Defendants an unfair tactical advantage.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants-in-part Defendants' Motion to Stay Proceedings Pending Interference (D.I. 50).  Specifically, the Court grants the stay of this case, at a minimum, through the completion of the PTAB's motions phase in the Interference.  In the event that Plaintiff does not prevail on its motions filed during the motions stage of the Interference, the stay of this case will continue until final resolution of the Interference.

WHEREFORE, at Wilmington, this 29th day of June 2026, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay Proceedings Pending Interference (D.I. 50) is **GRANTED-IN-PART**.  Specifically, this case is stayed, at a minimum, through the completion of the PTAB's motion phase in Interference No. 106,318.  In the event that Plaintiff Factor Bioscience Inc. does not prevail on its motions filed during the motions stage of Interference No. 106,318, the stay of this case will continue until final resolution of Interference No. 106,318.  IT IS ALSO HEREBY ORDERED that the parties shall meet and confer and file a joint status report with this Court within seven (7) days after the PTAB resolves the motions filed by Factor Bioscience Inc. during the motions stage of Interference No. 106,318.  The joint status report shall inform the Court of the relief requested by Factor Bioscience in its motion(s), the disposition of the motion(s) by the PTAB,

and whether the parties are in agreement whether the stay of this action should continue until final resolution of Interference No. 106,318 or should be lifted.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE